## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEMINOLE FIRST ASSEMBLY of GOD CHURCH, SEMINOLE, OKLAHOMA, a/k/a FIRST ASSEMBLY OF GOD,<br><br>           Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, S.I.,<br><br>           Defendant. | Case No. MC-24-9-SLP |

### O R D E R

Before the Court is Plaintiff's Objection and Motion to Quash Subpoenas Duces Tecum and Brief in Support [Doc. No. 1]. The matter is fully briefed and at issue. *See* Resp. [Doc. No. 3] and Reply [Doc. No. 4]. For the reasons that follow, Plaintiff's Motion is GRANTED.

**I.     Introduction**

This matter arises out of a lawsuit pending in the United States District Court for the Eastern District of Oklahoma styled *Seminole First Assembly of God Church v. Church Mutual Insurance Company, S.I.*, Case No. CIV-24-186-DES (the Primary Action). In the Primary Action, Plaintiff alleges that Defendant, Church Mutual Insurance Company, S.I. (Church Mutual), breached its insurance contract and acted in bad faith when it denied a claim for damage to insured properties resulting from a tornadic storm.

A review of the docket in the Primary Action reflects that on August 1, 2024, the parties filed a Joint Status Report. *See id.*, Doc. No. 13. However, to date, no scheduling

order has been entered. The docket in the Primary Action further reflects that on August 9, 2024, the parties filed their initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. *See id.,* Doc. Nos. 14-15.

On November 13, 2024, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Church Mutual issued two non-party subpoenas to: (1) Robert Wright of Robert L. Wright & Associates, Inc. (the Wright Subpoena) and (2) Sean Wiley of J.W. Construction Management, Inc. (the Wiley Subpoena), or collectively, the Subpoenas. The Subpoenas direct production of documents in this judicial district. *See* Pl.'s Mot., Exhibits 5 and 6. Accordingly, Plaintiff filed its Motion to Quash in this Court. *See* Fed. R. Civ. P. 45(3)(A).

Plaintiff challenges the scope of the Subpoenas to the extent they seek production of expert witness materials that are protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure.[1] Plaintiff directs its challenge to paragraphs 1, 2, 5 and 7 of the

---

[1] District courts across the country have reached opposing conclusions as to whether Rule 26(b)(4) precludes or restricts the use of Rule 45 subpoenas to obtain information and materials from a testifying expert witness. *See, e.g., Hellen v. Am. Family Ins. Co.*, No. 1:22-cv-02717-REB-SBP, 2024 WL 98383 at *2 (D. Colo. Jan. 9, 2024) (noting that the Tenth Circuit has not "squarely addressed the question of whether Rule 45 subpoenas are properly issued to retained experts" but that "other courts have found that the use of the subpoena process is improper in this context"); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859 at *4 (M.D. Fla. Aug. 29, 2014) (concluding that Rule 26(b)(4) limits the scope of information that may be obtained by a testifying witness but not the means by which such information may be obtained and, therefore, a Rule 45 subpoena is an appropriate means). Because neither party has raised the issue, the Court declines to address it.

But the Court notes that the parties' dispute largely arises from the failure to adhere to the standard practices regarding discovery of retained expert materials, including the timing of expert disclosures. *See, e.g., Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992) (discussing how Rules 26(b)(4) and 30 do not permit "the use of bare Rule 45 subpoenas" but instead "operate as a control, or brake" on the "potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial.").

Subpoenas.[2] As to paragraph 7 in each of the Subpoenas, Plaintiff contends it fails to exempt protected communications from production, citing the exceptions set forth in Fed. R. Civ. P. 26(b)(4)(C). In response, Church Mutual concedes that following the parties' meet and confer, it inadvertently failed to revise paragraph 7 to except the protected information. *See* Resp. at 9. And Plaintiff does not further address the issue in its Reply. Accordingly, the Court deems the matter resolved and directs that paragraph 7 of each of the Subpoenas be modified to include the following sentence: "Any communications with Merlin Law Group may be withheld from production but listed on a privilege log unless those communications (A) Relate to compensation; (B) Identify facts or data provided by Merlin Law Group relied on in forming opinions in this case."

The Court proceeds to address Plaintiff's objections to paragraphs 1, 2 and 5 of the Subpoenas.

## II.   Governing Standards

Rule 45(d)(3) of the Federal Rules of Civil Procedure governs the quashing or modifying of subpoenas. As relevant here, the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii).

---

[2] Although Plaintiff has requested the Court to "quash" the Subpoenas, Plaintiff's argument in support of its Motion is not directed to quashing the Subpoenas in their entirety, nor did Plaintiff direct its meet and confer exchanges to quashing the Subpoenas in their entirety. Instead, Plaintiff's argument is narrowly directed to objectionable aspects of the Subpoenas. Accordingly, the Court construes Plaintiff's Motion as a request to modify rather than quash the Subpoenas.

3

Rule 26(b)(4)(B) protects draft expert reports from disclosure "regardless of the form in which the draft is recorded." Rule 26(b)(4)(C) protects most communications between counsel and their expert witnesses, except to the extent that the communications: "(i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

These subsections were designed to "to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery[.]" *See* Fed.R.Civ.P. 26 advisory committee notes to 2010 amendments. However, "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." *Id*.

### III.  Analysis

Plaintiff states in its Motion that it "intends to identify" Mr. Wright and Mr. Wiley as "retained experts pursuant to Rule 26(a)(2)(B)." *Id*. at 6. Plaintiff objects to the breadth of the requests set forth in paragraphs 1, 2 and 5 of the Subpoenas. Both paragraphs 1 and 2 seek the "entire file" of Mr. Wright and Mr. Wiley, respectively. And paragraph 5 seeks estimates and supplemental estimates, including any draft estimates. As worded, Plaintiff contends the paragraphs impermissibly seek "not only reports and estimates, but protected drafts of those reports and estimates." Mot. at 4. Plaintiff argues that because Mr. Wright

4

and Mr. Wiley are retained experts, pursuant to Rule 26(b)(4)(B), such information is protected from disclosure. *Id*. at 4-5.

In response, Church Mutual does not contest that a retained expert's draft reports are protected from disclosure. Instead, Church Mutual makes the following two arguments. First, Church Mutual contends Plaintiff "has not provided any privilege log or other documentation that describes the nature of the documents withheld, or even identifies the documents it seeks to protect." Resp. at 4. Church Mutual relies on Rule 45(e)(2)(A) as the basis for a privilege log requirement. Second, Church Mutual contends Plaintiff has acted prematurely because "no expert report or disclosure has been produced or designated by [Plaintiff] in this litigation." *Id*. Church Mutual takes issue with Plaintiff's statement that it "intends to" identify Mr. Wright and Mr. Wiley as experts, arguing that Plaintiff cannot "retroactively designate those witnesses as experts to cloak otherwise discoverable information." *Id*. at 5. Church Mutual points to Plaintiff's initial disclosures under Rule 26(a)(1) where it included both Mr. Wright and Mr. Wiley as individuals "likely to have discoverable information." *See* Def.'s Resp., Ex. 5.[3]

---

[3] Plaintiff's initial disclosures state the following with respect to Mr. Wright and Mr. Riley:

> Robert L. Wright, PE
> Robert L. Wright & Associates, Inc.
> 4035 Willowbend Blvd.
> Houston, TX 77025
> Telephone: (713) 522-2210
>
> It is anticipated Mr. Wright has information relating to his inspection of Plaintiff's insured properties; the cause and nature of damages sustained by Plaintiff's insured properties; and the facts and opinions expressed in his Reports of Site Observations and Forensic Evaluation for Damages Due to Tornado & Hail, dated November 3, 2023.

5

Upon review, the Court rejects Church Mutual's argument that Plaintiff is "retroactively" designating Mr. Wright and Mr. Wiley as experts. Expert disclosures encompass the identity of the expert and must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D); *see also Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 656–57 (10th Cir. 2018) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)). Plaintiff has represented that "[n]o order has been entered by the Court requiring the parties to disclose experts[.]" Reply at 2. And the Court's own review of the docket in the Primary Action confirms this representation as no scheduling order has yet been entered. Accordingly, it is permissible for Plaintiff to designate Mr. Wright and Mr. Wiley as retained experts and Plaintiff can rely on that designation as a basis to seek protection from production of documents subject to Rule 26(b)(4)(B).[4]

> R. Sean Wiley
> JW Construction Management, Inc.
> P.O. Box 206
> Dibble, OK 73031
> Telephone: (405) 510-6260
>
> Mr. Wiley likely has information relating to his inspections of Plaintiff's insured properties; the damages resulting from the at-issue storm; and the necessary repairs and estimated costs to restore the properties to their pre-loss conditions.

*See* Def.'s Resp., Ex. 5.

[4] Under the circumstances of this case, the fact that Plaintiff included Mr. Wright and Mr. Riley in its initial disclosures under Rule 26(a)(1) as individuals "likely to have discoverable information" does not preclude Plaintiff from identifying them as retained experts. When expert disclosures are due, Church Mutual can certainly reassert any challenge it may have as to whether Mr. Wright and/or Mr. Riley are properly designated as expert witnesses. But such a challenge is premature at this juncture and is a challenge more appropriately addressed in the Primary Action.

Church Mutual cannot eviscerate those protections by serving a Rule 45 subpoena in advance of the deadline for designating expert witnesses.

For this same reason, the Court rejects Church Mutual's argument that it is entitled to a privilege log identifying documents withheld on the basis of Rule 26(b)(4)(B). Church Mutual points to Rule 45(e)(2) as the basis for requiring a privilege log. Because the Court finds, at this time, Plaintiff's intended designation of Mr. Wright and Mr. Wiley as retained experts is sufficient to confer Rule 26(b)(4)(B)'s protection, the Court will not require a privilege log. Any privilege issues related to expert materials can be addressed in the Primary Action at the time the retained expert disclosures are made.

In sum, the Court agrees with Plaintiff that the drafts of any reports and estimates of Mr. Wright and Mr. Riley, individuals that Plaintiff has represented to the Court are its retained experts, are protected from disclosure. As such, the Court GRANTS Plaintiff's Motion and modifies the Subpoenas to exclude from production any such drafts encompassed by paragraphs 1, 2 and 5. The Court further directs that the Subpoenas be modified as to paragraph 7 to incorporate the language previously agreed upon by the parties and as set forth above.

As a parting note, the Court encourages the parties to work professionally and cooperatively as they move forward with discovery in this matter and to avoid any gamesmanship. The present dispute has resulted in an inefficient use of resources and is one the parties were capable of resolving without the need for Court intervention.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Objection and Motion to Quash Subpoenas Duces Tecum and Brief in Support [Doc. No. 1], construed as a motion to modify the Subpoenas, is GRANTED as to paragraphs 1, 2 5 and 7 of the Subpoenas, as more fully set forth.

IT IS SO ORDERED this 8th day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE